[Crim. No. 1172. Department One.—July 23, 1904.]

## THE PEOPLE, Respondent, v. LAWRENCE D. NIHELL, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SUPPORT OF VERDICT— INTOXICATION—QUESTIONS FOR JURY.—The evidence reviewed and held sufficient to support a verdict of an assault with a deadly weapon, notwithstanding the defendant's intoxication to a considerable degree. The question was one for the jury, whether the defendant was in fact unconscious, and the verdict will not be disturbed when the evidence was conflicting on that question.

ID.—UNCONSCIOUSNESS OF ACT—BURDEN OF PROOF—INSTRUCTION AS TO INSANITY.—Where the theory of the defense was that the defendant was unconscious of the act from the dual effects of liquor and epilepsy, it was not prejudicial error to instruct the jury that the burden of proof is on the defendant where the defense of insanity is relied upon. The jury could not be misled, and the rule as to the burden of proof was correctly stated whether applied to insanity or unconsciousness as a defense.

ID.— CAUTIONARY INSTRUCTION — INSANITY.— A cautionary instruction concerning the defense of insanity applies with equal force to any aberration of mind that might be claimed as a defense. Such an instruction, though disapproved, is not ground for reversal.

ID.—INSTRUCTIONS AS TO DRUNKENNESS.—Instructions to the effect that evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of the crime, and that "it must be received with great caution," are not ground for reversal, though the latter clause would be better omitted.

ID.—ARREST FOR BREACH OF PEACE—ABSENCE OF PROSECUTION.—The defendant was properly arrested without a warrant for a breach of the peace, by the city marshal, and the fact that he was not prosecuted therefor was not material.

ID.—OPINION EVIDENCE—HEARSAY.—The testimony of a witness to the effect that the defendant did not know on the morning after the assault what he had done the night before, called for the mere opinion of the witness, based on what the defendant had stated to him, and was incompetent.

ID.—TESTIMONY AS TO MENTAL CONDITION—REBUTTAL.—The testimony of a witness for the prosecution as to the mental condition of the defendant on the night of the assault was admissible if objected to solely on the ground that it was not rebuttal.

ID.—BIAS OF CITY MARSHAL AS WITNESS—CROSS-EXAMINATION—ERROR NOT PREJUDICIAL.—The defendant should have been allowed on cross-examination of the city marshal who arrested him for breach of the peace, to ask if he had not visited the defendant in jail for

the purpose of securing a confession from him, in order to show the bias of the marshal as a witness; but the error in disallowing the evidence is not ground for reversal, where the interest of the marshal in the prosecution of the case was otherwise clearly shown.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion.

Thomas S. Ford, for Appellant.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and George L. Jones, District Attorney, for Respondent.

GRAY, C.—The defendant was convicted of assault with a deadly weapon and sentenced to the county jail for eighteen months. He appeals from the judgment and from an order denying him a new trial. The defendant was drunk and disorderly in Nevada City, and while in that condition he was, by direction of the city marshal, taken into custody by the night watchman between the hours of 8 and 9 P. M. While on the way to the calaboose, the night watchman, then having hold upon defendant, the defendant demanded that he be released and drew a pocket knife, threatening to kill the watchman if the demand was not complied with. The watchman refused and the defendant struck with the knife, wounding the watchman severely in the shoulder. The defendant was then knocked down with a cane, manacled, and taken to the calaboose. He urges two defenses. He says the facts show that the cutting was done in self-defense while resisting an unlawful arrest; and also, that he was unconscious at the time of the alleged offense. He contends that the evidence warranted a verdict in his favor on both grounds. We think the evidence ample in every respect to support the verdict. Defendant's conduct was that of a man conscious of what he was doing. He was intoxicated to a considerable degree, but there is no evidence, as now claimed by him, that he was in the throes of epilepsy at any time during the fracas. Whether he was in fact unconscious as claimed was a question for the jury, and the evidence as to that being conflicting, we can-

not interfere with the verdict. That the arrest was made while the defendant was loudly cursing and swearing within the hearing of women and to the breaking of the peace, and after he had several times been warned by the marshal to desist and go home, also appears. An arrest without a war-rant under such circumstances was altogether lawful and proper. The assault was not made because the watchman was not going to take the defendant before a magistrate in ac-cordance with the law, but because the watchman would not at once release him in disregard of the law requiring his detention until some reasonable disposition could be made of the prisoner under the law.

The instruction that the burden of proof is on defendant where the defense of insanity is relied on was, as a proposi-tion of law, correct. It is contended, however, that the defense was not insanity, but that the defendant was uncon-scious of the act. But this cannot render the instruction prejudicially erroneous. The theory of the defense on the trial seemed to be that the defendant was unconscious from the dual effects of liquor and epilepsy. The jury could not fail to see that the instructions regarding insanity related to that peculiar mental condition that the defendant claimed to have been in, by whatever name it might be called. And thus understood it was correct to say that the burden was on him to establish the peculiar mental condition which he relied upon as a defense. Men are presumed to be conscious when they act as if they were conscious; and if they would have the jury know that things are not what they seem, they must impart that knowledge by affirmative proof. The rule as to the burden of proof was correctly stated whether it be ap-plied to insanity or to unconsciousness as a defense. And the refusal of instructions recognizing the opposite rule was proper.

As to the cautionary instruction concerning the defense of insanity which was copied from the case of *People* v. *Meth-ever*, 132 Cal. 330, it has often been considered by this court, and while it has been disapproved, yet no case has ever been reversed on account of the giving of it. (See the cases cited in *People* v. *Methever*, 132 Cal. 330; *People* v. *Hettick*, 126 Cal. 425; *People* v. *Suesser*, 142 Cal. 354; *People* v. *Manoo-gian*, 141 Cal. 592-598.) The instruction applies with equal

force to any aberration of mind that may be claimed as a defense, including unconsciousness, and is not ground for reversal. Instructions to the effect that evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of the crime, and for this purpose "it must be received with great caution," have also been often considered by this court, and it is apparently well settled that a judgment will not be reversed for the giving of such an instruction. (*People* v. *Vincent,* 95 Cal. 428; *People* v. *Methever,* 132 Cal. 330.) As was said, however, in *People* v. *Suesser,* 142 Cal. 354, of the instruction regarding the care with which the defense of insanity should be regarded, so of this; so far as it cautions the jury that evidence of drunkenness shall be received with caution, "it would be better if such instruction were omitted altogether."

We know of no rule of law which, in view of our constitutional provision as to charging juries upon matters of fact, justifies the giving of such instructions, but we cannot see that the giving of the same could have affected the substantial rights of the defendant.

This information was for assault with a deadly weapon "with intent . . . of his malice aforethought to kill and murder" and involved the same intent, and evidence of intoxication applied to it in the same way as in a murder case.

The ordinance introduced in evidence did not provide that the marshal should commit to the city prison a person arrested for a breach of the peace as is claimed by appellant. The introduction of this ordinance could not have harmed the defendant, and we see no prejudicial error in the ruling of the court in connection therewith.

As to the alleged misconduct of the district attorney, there is nothing in the appellant's contention worthy of a discussion.

That the defendant was never prosecuted for the alleged breach of the peace for which he was arrested was not a material matter. The testimony sought from the witness George Nihell, to the effect that the defendant did not know on the morning following the assault what he had done the night before, called for a mere opinion of the witness based on what the defendant stated to him and was clearly incompetent.

The testimony of Shearer as to the mental condition of defendant on the night of the assault was not objected to on the ground that it was incompetent, but only on the ground that it was not rebuttal. This last ground is not urged in appellant's brief, and would not be good if it was urged.

The defendant's attorney asked the marshal, Shearer, on cross-examination if he did n't visit the defendant in jail ''for the purpose of securing evidence, getting a confession from him.'' The court erroneously sustained an objection to this question. It was asked for the purpose of showing the interest the marshal was taking in the prosecution of defendant, and was pertinent to the question of the weight of his testimony. The court should have allowed this question undoubtedly. However, the interest of the marshal in the prosecution of the case was very clearly shown, and we think an affirmative answer to the excluded question could not have added anything of importance to the weight of the circumstances already showing such interest. It is not often that a case will be reversed for error of the court in excluding evidence that can. have no other bearing on the case except to disclose the interest of a witness. It is sometimes done, however, and it would always be more satisfactory if the trial judges would give full latitude to cross-examinations where they are proceeding along pertinent lines. The error here is not of such vital importance as to call for a reversal.

Some other matters are urged by appellant, but they are not deemed of sufficient importance to warrant extended discussion.

The judgment and order should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.