James D. Hopkins, J.
The defendant appeals from a judgment of conviction after a jury trial of subdivision 5 of section 70 of the Vehicle and Traffic Law (driving while intoxicated). The prosecution established proof of the intoxication of the defendant by the opinion testimony of the arresting officer (cf. People v. Eastwood, 14 N. Y. 562, 566; Matter of Auto Inn, 204 App. Div. 185), and by the evidence of the analysis of a sample of the defendant’s blood, indicating a content of .21% of alcohol by weight.
The defendant contends that evidence of the blood test should have been excluded at the trial on several grounds, but only one need claim our notice. It appears that at the time of the extraction of the blood specimen, the defendant’s arm was swabbed with alcohol as an antiseptic. This procedure is not the practice recommended by the County Department of Laboratories and Research, and it was testified by the chemist who examined the specimen that it was “ possible ” that alcohol thus used as an antiseptic might have entered the blood withdrawn from the defendant’s arm, and affected the result of the test. Section 71-a and subdivision 5 of section 70 of the Vehicle and Traffic Law must both be construed to permit the admissibility of a chemical test only when conducted in accordance with standard operating procedures. Otherwise, the scientific basis and value of the test are impaired and subject to reasonable doubt, especially where a presumption of intoxication may follow the result.
It was therefore error to admit the result of the test into evidence. This was not a technical error which can be disregarded, for the jury may well have been influenced by the apparent authority of the test. Since there was other evidence of intoxication before the jury, however, a new trial is ordered in the court below.
The judgment is reversed, and a new trial ordered in the court below.