STATE OF HAWAII *v.* TORAO CARL MATSUDA.

No. 4612.

NOVEMBER 1, 1967.

RICHARDSON, C. J., MIZUHA, MARUMOTO, ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendant appeals from a judgment of conviction for negligent homicide in the second degree[1] after trial without a jury.

Defendant contends that the automobile accident which resulted in the death of a pedestrian on the sidewalk was the "result of an unforeseeable sudden loss of consciousness" and in determining his guilt, the trial judge applied an erroneous legal test.

In his findings of facts, the trial judge found:

"And the defense that has been advanced by the defendant that he blacked out while driving along Kalakaua Avenue I completely reject as having no support from the credible evidence of what took place at the scene on the day of this tragedy.

"The medical build up has failed *to convince* the court

---

[1]R.L.H. 1955, as amended, § 291-10-b.

that the defendant suffered a black out on January 9. To the contrary, the defendant's evidence established that he has not been suffering from black outs since his hospitalization in 1959 at Kuakini Hospital. (Underscoring supplied) ."

In a criminal trial, the state has the burden of proving the defendant's guilt beyond a reasonable doubt, whereas the defendant only has the burden of producing evidence which would raise a reasonable doubt in the minds of the jury or trial judge. *People* v. *Nihell,* 144 Cal. 200, 77 Pac. 916, *Government of Virgin Islands* v. *Smith,* 278 F.2d 169. The defendant was not required to convince the trial judge that the cause of the accident was the "result of an unforeseeable sudden loss of consciousness" while operating an automobile but merely to raise a doubt in the mind of the trial judge which was a reasonable one on all the evidence. The language used by the trial judge in his findings may indicate that the evidence had not raised such a doubt in his mind as to the consciousness or state of health of the defendant. But we cannot speculate as to the legal test used by the trial judge. *Government of Virgin Islands* v. *Smith, supra* at 174.

"The accused is entitled in any case to be tried under proper legal criteria * * *." *Wilson* v. *United States,* 250 F.2d 312, 325.

"* * * the question is not whether guilt may be spelt out of a record, but whether guilt has been found * * * according to the procedure and standards appropriate for criminal trials * * *." *Bollenbach* v. *United States,* 326 U.S. 607, 614; *United States* v. *Palermo,* 259 F.2d 872, 881.

Since we do not have the means of knowing whether the trial judge applied to his findings in this case an erroneous rule as to defendant's burden of proof, the judgment must be reversed. *United States* v. *Palermo, supra* at 882.

We do not reach other points specified as error. Reversed and remanded for a new trial.

*Hideki Nakamura (Bouslog & Symonds* of counsel) for defendant-appellant.

*Barclay Bryan,* Deputy Prosecuting Attorney, City and County of Honolulu *(John H. Peters,* Prosecuting Attorney, with him on the brief) for the State, plaintiff-appellee.