STATE OF HAWAII, Plaintiff-Appellee, *v*. JAMES R. CANNON, Defendant-Appellant

NO. 5586

FEBRUARY 24, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA,
AND MENOR, JJ., AND RETIRED JUSTICE LEWIS
ASSIGNED BY REASON OF VACANCY

162

This is an appeal from the District Court of the First Circuit. The defendant was convicted under HRS § 291-4[1] of driving under the influence of intoxicating liquor.

The issues in this case are:

1) whether, in regard to a motion to acquit in a prosecution for driving under the influence of intoxicating liquor, the prosecution introduced sufficient evidence that the defendant actually *drove* his vehicle while intoxicated;

2) whether the trial court could properly find beyond a reasonable doubt that the defendant was intoxicated at the time he was alleged to have been driving, after the defendant testified that he had consumed alcohol subsequent to his operation of the vehicle.

At the trial, prior to the motion to acquit, the arresting officer testified that when he arrived at the scene of the accident around 2:25 a.m., July 15, 1973, he found a Ranchero truck resting on a low stone fence along Machado Street (a public street), the ignition was on, and the defendant was leaning to the right side, asleep. The officer testified that the defendant was behind the wheel. The officer noticed a strong smell of alcohol on the defendant when he first got to the car. After two or three minutes of effort, the officer awoke the defendant, grabbed his right arm and helped him out of the passenger's side of the vehicle. The officer noticed that the defendant had bloodshot eyes, and the smell of alcohol on his breath. The defendant was also very unsteady on his feet, had to be helped by the officer to gain his balance, and was told to lean on the vehicle so as not to fall.

The officer then took the defendant to the police station where the defendant signed the implied consent form and where another officer administered a breathalyzer test to defendant. The breathalyzer indicated the defendant's blood alcohol content to be .15%.

---

[1] § 291-4 *Driving under influence of intoxicating liquor.* Whoever operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor shall be fined not more than $1,000 or imprisoned not more than one year, or both.

After the above evidence was introduced at trial, the defendant moved to acquit on the ground that there was insufficient evidence to prove beyond a reasonable doubt that the defendant had actually driven the car, let alone driven drunk. The court denied the motion.

To deny a motion to acquit there must be sufficient evidence to support a prima facie case. The evidence must enable a reasonable mind fairly to conclude guilt beyond a reasonable doubt, giving full play to the right of the factfinder to determine credibility, weigh the evidence, and draw justifiable inferences of fact. *State v. Rocker*, 52 Haw. 336 at 345-346, 475 P.2d 684 at 690. This test applies to both direct testimony and circumstantial evidence.

In passing upon the defendant's motion for acquittal in this case, the trial judge applied an erroneous standard of law. The record indicates that he denied the motion, not because he found from the evidence that a reasonable mind might fairly conclude guilt beyond a reasonable doubt, but because he was satisfied that there was probable cause to believe that the defendant had committed the offense charged. This was error. *State v. Rocker, supra*.

> Officers have probable cause to make an arrest when "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that [a crime was being committed]," *Carroll v. United States*, 267 U.S. 132, 162 (1925).

*State v. Texeira*, 50 Haw. 138, 142, 433 P.2d 593 (1967). Probable cause to believe that the accused committed the offense with which he is charged is not equivalent to a belief that he is guilty beyond a reasonable doubt, *Stroman v. Gilbert*, 2 Conn. Cir. 179, 197 A.2d 99 (1963), and a distinction must be drawn between the evidence required in each situation. *Draper v. United States*, 358 U.S. 307, 311-312 (1959).

The importance of the motion for acquittal as a necessary safeguard for the individual under our system of criminal justice is not to be minimized. And its significance in a criminal trial is not lessened by virtue of its being jury-

waived. The standards and considerations applicable in a trial before a jury are equally binding upon a judge trying the case without a jury. *United States v. Maryland & Virginia Milk Pro. Ass'n,* 90 F. Supp. 681 (D.D.C. 1950); *United States v. DeNiro,* 392 F.2d 753 (6th Cir. 1968); *cf. Wilson v. United States,* 250 F.2d 312 (9th Cir. 1957).

The question, then, is whether the trial judge committed reversible error. While the trial judge should be admonished that the motion for acquittal is not an inconsequential procedural device, and should not be passed upon lightly, we are nevertheless constrained to hold that the evidence of the prosecution, applying the proper standard of law,[2] was sufficient to establish a prima facie case.[3] The officer testified that he saw the defendant behind the wheel, although leaning to the right side, asleep, and that the ignition was turned on. Furthermore, the truck was resting astride a low stone fence along a public highway, and the defendant who was the sole occupant smelled strongly of alcohol. The defense did not challenge the credibility of the officer and did not elicit testimony from him to indicate that another person might have been driving. Accordingly, the defendant's motion for acquittal made at the close of the State's case was properly denied.

On the question of the sufficiency of the evidence to sustain the conviction, we find that the record amply supports the determination of the trial court. The test on appeal is whether there is substantial evidence to support the verdict. *State v. Rocker, supra; State v. Kekaualua,* 50 Haw. 130, 433 P.2d 131 (1967).

Following the motion to acquit, the defendant took the stand and added the following testimony to the case: The

---

[2] United States v. Taylor, 464 F.2d 240 (2d Cir. 1972); State v. Reyes, 50 N.J. 454, 236 A.2d 385 (1967). *Compare* Bollenbach v. United States, 326 U.S. 607, 614-615 (1946); Wilson v. United States, *supra;* State v. Matsuda, 50 Haw. 128, 432 P.2d 388 (1967).

[3] Several cases have held similar facts sufficient to sustain convictions for drunk driving. State v. Carter, 15 N.C. App. 391, 190 S.E.2d 241 (1972); State v. Costello, 110 N.H. 182, 263 A.2d 671 (1970); People v. Schulewitz, 87 Ill. App. 2d 331, 231 N.E.2d 678 (1967); State v. Pritchett, 53 Del. 583, 173 A.2d 886 (1961); State v. Damoorgian, 53 N.J. Super. 108, 146 A.2d 550 (1958).

defendant admitted that he had consumed three or four manhattans between 11:00 p.m. and 1:10 a.m. the night of the accident and that he had taken tranquilizers (Valium pills) at 10:30 p.m. and around 2:00 a.m. that same night. The defendant drove from the airport and took a man home around 1:45 a.m. After dropping the rider off, the defendant attempted to back up to turn around, at which time he hit a telephone pole and swerved onto the two-foot high stonewall where his truck became stuck. He then took the last Valium pill in the truck with some scotch or bourbon he had in the truck and went to sleep.

The defendant was given the breathalyzer test at 3:40 a.m. on July 15, 1973, and that test indicated that the defendant's blood alcohol content amounted to .15%, thus giving rise to the presumption that he was under the influence of intoxicating liquor at the time of the alleged violation.[4]

The defendant appeals the trial court's reliance on the statutory presumption of HRS Section 291-5(3) on the grounds that intervening events, here the consumption of Valium and liquor after the accident, rebutted the statutory presumption and established a reasonable doubt. This contention would have validity only if the defendant did in fact

---

[4] § 291-5 *Evidence of intoxication.* In any criminal prosecution for a violation of section 291-4, the amount of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation and shall give rise to the following presumptions:

(1) If there was five-hundredths per cent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor at the time of the alleged violation.

(2) If there was in excess of five-hundredths per cent but less than ten-hundredths per cent by weight of alcohol in the defendant's blood, such fact may be considered with other competent evidence in determining whether or not the defendant was at the time of the alleged violation under the influence of intoxicating liquor but shall not of itself give rise to any presumption.

(3) If there was ten-hundredths per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

consume liquor between the time of the alleged violation and the time the breathalyzer test was conducted.

It was for the trial judge as factfinder in this case to assess the credibility of the witnesses, including the defendant's, and to resolve all questions of fact. *United States v. Ewbank*, 483 F.2d 1149 (9th Cir. 1973). The factfinder may accept or reject any witness' testimony in whole or in part. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A.2d 338 (1963). And in reviewing the sufficiency of the evidence to support the conviction the appellate court "must take that view of the evidence with inferences reasonably and justifiably to be drawn therefrom most favorable to the Government, without weighing the evidence or determining the credibility of the witnesses," *United States v. Kubeck*, 487 F.2d 1256 (6th Cir. 1973). Where the verdict of the trial court is supported by substantial evidence, its ruling will not be disturbed on appeal. *State v. Rocker, supra*.

The judgment of guilt was properly grounded in law and amply supported by the evidence.

Affirmed.

*Milton W. B. Choy* for defendant-appellant.

*George K. Kaeo, Jr.* and *Barclay E. MacDonald*, Deputy Prosecuting Attorneys *(Barry Chung*, Prosecuting Attorney, with them on the brief), for plaintiff-appellee.

### DISSENTING OPINION OF LEWIS, J.

Finding ground for reversal in the disposition of the case at the close of the evidence, I respectfully dissent. The following transpired in the district court:

> THE COURT: Section 291-5, Hawaii Revised Statutes, as amended, Section 3 says: "If there was ten-hundredths per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence." There has been nothing substantial to rebut that presumption.
>
> MR. CHOY: Well, Your Honor, —
>
> THE COURT: I've asked you if there's anything

more. Now, I'm giving you a decision.

I have to follow the statute — "It shall", not "may". I have no discretion. If there was ten-hundredths per cent, it shall be presumed the person was under the influence. As far as rebutting the presumption —

> MR. CHOY: I think it's been rebutted, Your Honor.
>
> THE COURT: I disagree with you. You've made your argument. I find the defendant guilty as charged.

Despite the statutory presumption to which the court referred, "the burden is always upon the prosecution to establish every element of crime by proof beyond a reasonable doubt." *State v. Cuevas,* 53 Haw. 110, 113, 488 P.2d 322, 324 (1971). If there was a reasonable doubt as to the probative value of the breathalyzer test, the prosecution had the burden of dispelling the doubt, *State v. Baker,* 56 Wash. 2d 846, 856, 355 P.2d 806, 811 (1960); *People v. Ward,* 14 Misc. 2d 518, 178 N.Y.S.2d 708 (1958); *State v. Spry,* ___ S.D. ___, 207 N.W.2d 504, 510 (1973); *cf., State v. La Fountain,* 108 N.H. 219, 231 A.2d 635 (1967).

Of course, the probative value of the test in the present case depended upon what it showed as to defendant's condition at the time of the alleged violation. *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967); *State v. Shadding,* 17 N.C. App. 279, 194 S.E.2d 55 (1973). There was testimony that defendant had been drinking both before and after that time. From the colloquy set out above, it appears that the court decided, without evidence on the point, that the drink taken by defendant after he ceased driving, which he testified was a slug of whisky taken to wash down a Valium pill[1] approximately an hour and a half before the test, could not have substantially affected the probative value of the test in view of defendant's consumption of liquor before he drove, which he testified consisted of three or four manhattans imbibed over a two-hour period commencing four and a half hours before the test. Thus, what the court did was to dispense with the

---

[1] The Court: You put the pill in your mouth and took a slug so that you would wash —.

The Defendant: Yes. I can't swallow a pill without anything else.

necessity of further evidence when the prosecution's burden of proof required it.[2]

When the record shows the grounds of decision, the case must be reviewed accordingly. *State v. Matsuda,* 50 Haw. 128, 432 P.2d 888 (1967); *State v. Ruiz,* 49 Haw. 504, 421 P.2d 305 (1966); *Wilson v. United States,* 250 F.2d 312 (9th Cir. 1958); *Government of the Virgin Islands v. Smith,* 278 F.2d 169, 173 (3d Cir. 1960); *see also Howard v. United States,* 423 F.2d 1102, 1104 (9th Cir. 1970). While the court might have made a general finding of guilt under D.C.R.P.P. Rule 33, or might have found that the testimony of the defendant as to the drink taken after he ceased driving was not to be believed, or might have found defendant guilty on the basis of the evidence other than the test, the record shows that the court did none of these things.

In *Wilson,* the court said:

There is surprisingly little authority respecting the question of the effect upon a conviction of a trial court's misconception regarding an essential element of the offense in a non-jury case. Indeed, we find no direct authority. However, analogous decisions involving jury cases and several basic principles of criminal law furnish clear guideposts to a resolution of this issue.

\*　　　\*　　　\*　　　\*　　　\*

[T]he comparable and controlling decisions are those jury cases involving the related questions of erroneous instructions. If this case had been tried to a jury and the comments voiced by the learned trial judge had taken the form of jury instructions, a conviction obtained thereunder could not stand \* \* \* . Is there any difference between a trial judge formally instructing the jury as to what he thinks the applicable law to be and in effect instructing

---

[2] The doubt raised here as to the probative value of the test was at least as significant as in State v. Baker and the cases cited with it, above. *See* DONEGAN, CHEMICAL TESTS AND THE LAW, ch. IV; ERWIN, DEFENSE OF DRUNK DRIVING CASES § 14.06 (2d ed.); 4 ATTORNEYS' TEXTBOOK OF MEDICINE § 133.24 (3d ed.); 4 CYCLOPEDIA OF MEDICINE, SURGERY, SPECIALTIES, p. 709.

himself similarly in a non-jury case? [Footnote omitted.] We think not. In each instance a conviction has resulted from the application of improper standards of law to the facts by the trier of fact. Such a case, we believe, compels reversal of the conviction. (p. 324)

&ast; &ast; &ast; &ast; &ast;

It does not matter whether or not guilt is a close question. The accused is entitled in any case to be tried under proper legal criteria. * * * (p. 325).

*Wilson* was followed in *State v. Matsuda, supra,* and in my opinion this is another case in which it should be applied. Accordingly, I would reverse.