Joseph Ralph KAUFMAN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–81–118–CR.

Court of Appeals of Texas, Eastland.

April 22, 1982.

Discretionary Review Refused July 14, 1982.

---

William H. Jouette, Abernathy & Roeder, McKinney, for appellant.

Tom O'Connell, Dist. Atty., David K. Haynes, McKinney, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction by jury of the misdemeanor offense of driving while intoxicated. Punishment was assessed by the court at a fine of $250 and thirty days confinement. Sentence was suspended and appellant was placed on probation for two years.

Appellant urges that the trial court committed two errors: (1) in admitting into evidence the results of a chemical blood test which was shown to be unreliable and contaminated by use of a cleansing solution which contained ethyl alcohol, and (2) in admitting testimony concerning the amount of dilution of the cleansing solution used in obtaining the blood sample from appellant.

The evidence reflects that in preparation for obtaining the blood sample, appellant's skin was cleaned by washing it with a solution of a substance known as Zephiran. This substance is packaged in a carton which bears a notice to the effect that 2% of the 83% of the product which is made up of inert ingredients is made up of ethyl alcohol. No actual analysis of Zephiran was ever admitted. Over objection, the nurse who obtained the blood sample testified that the Zephiran she used was diluted 750:1 with distilled water. She was generally familiar with the routine of the hospital although she had neither prepared nor was present when the solution was prepared.

Other testimony showed that appellant was observed to have driven erratically for some distance before he was stopped. The arresting officer, on stopping appellant, noted symptons which led him to conclude appellant was moderately intoxicated. Other witnesses concluded similarly.

The chemist for the Texas Department of Public Safety testified that appellant's blood sample was analyzed by using a gas chromatograph procedure for determining the concentration of ethyl alcohol. He also testified that the only thing that could effect the result of the test is contamination of the blood sample with ethyl alcohol and that use of an ethyl alcohol solution as a cleansing agent would register on the ethyl alcohol test affecting the result. Appellant's test result was .11 percent. The cleaning solution contained no more than .00267 percent alcohol, adjusting the test result to not less than .10733 percent.

The issue to resolve, first, is whether the use of a solution containing alcohol to cleanse skin before a blood test renders the result of the test inadmissible as a matter of law or merely affects the weight to be given the result obtained.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 3(a) (Vernon 1977), authorizing chemical tests for intoxication and admitting their results upon the trial of any criminal action, provides in part:

(E)vidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

Tex. Penal Code Ann. § 2.05 Presumption (Vernon 1979) provides:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

In the instant case, the statutory foundational requirements for the admission of the result of the blood analysis have been met. The trial court properly charged the jury in terms of the presumption.

We have neither found, nor been cited, any Texas case considering the effect of the use of a cleaning solution containing alcohol on the admissibility of a chemical blood test for alcohol.

The Supreme Court of Nebraska in *State v. Fox*, 177 Neb. 238, 128 N.W.2d 576 (1964) held that tests of the alcoholic content of blood as provided for by statute are admissible and prima facie proof of intoxication whenever it is established that statutory requirements for the taking thereof have been satisfied. Presence or absence of other facts which might reflect upon the verity of the test results affect only the matter of rebuttal of the statutory presumption and not the admissibility of the test results. See also *State v. Dille*, 258 N.W.2d 565 (Minn.1977).

Cases cited by appellant for the proposition that such blood test results are inadmissible as a matter of law are distinguishable. In each of such cases either the procedures provided by statute for the taking of the blood sample were not followed, or the proper predicate for the admission of such evidence was not made. *People v. Ward*, 14 Misc.2d 518, 178 N.Y.S.2d 708; *People v. Maxwell*, 18 Misc.2d 1004, 188 N.Y.S.2d 692; *State v. Binkley*, 201 N.W.2d 917 (Iowa 1972); *State v. Charlson*, 261 Iowa 497, 154 N.W.2d 829 (1967); *Lessenhop v. Norton*, 261 Iowa 44, 153 N.W.2d 107 (1967).

On considering the objection to the admissibility of chemical tests for drunkenness, it is said in 2 RAY, TEXAS LAW OF

EVIDENCE § 1430 (1980): "And it is now clearly established by the Texas decisions that objections based upon alleged inaccuracy or unreliability of the tests go to the weight of the evidence and not to its admissibility."

Although considering the results of a breath test and not the results of a blood test, the court in *Slagle v. State*, 570 S.W.2d 916 (Tex.Cr.App.1978), held that evidence concerning variables involved in administration of breathalyzer examination went to the weight to be accorded breathalyzer test results, rather than the admissibility.

 We hold, therefore, that the use of a cleansing solution which contained ethyl alcohol, in connection with a blood test, goes to the weight and not the admissibility of the results of the test.

Sondra Redden was the registered nurse in the hospital emergency room who withdrew the blood sample from appellant. She testified that Zephiran was a cleansing agent sent to her from the hospital pharmacy for cleansing skin. It was prepared in the pharmacy and labeled "Zephiran, 1 to 750."

Nurse Redden then testified, objection having been overruled, that 1 to 750 meant the solution was diluted one part Zephiran concentrate to 750 parts sterile water. On voir dire examination it was established that Mrs. Redden did not dilute the "Zephiran" solution that was used nor did she see it done. Appellant urged that her testimony concerning the dilution of the cleansing solution was, therefore, hearsay.

The witness was generally familiar with hospital routine and substances used in her work. She knew the meaning of a substance labeled "Zephiran, 1 to 750." Such testimony was clearly not wholly hearsay.

As stated by the court in *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex. 1977):

Texas courts have followed the general rule that where it appears a witness' testimony is predicated both upon personal knowledge and upon hearsay, his testimony is admissible. *Combined Insurance*

*Company of America v. Kennedy*, 495 S.W.2d 306 (Tex.Civ.App.1973, writ ref'd n. r. e.); *Aetna Casualty & Surety Company v. Scruggs*, 413 S.W.2d 416 (Tex.Civ. App.1967, no writ); *Gray v. Bird*, 380 S.W.2d 908 (Tex.Civ.App.1964, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Rogers*, 368 S.W.2d 21 (Tex. Civ.App.1963, writ ref'd n. r. e.).

 The court did not err in admitting the testimony of Nurse Redden concerning the amount of dilution of the cleansing solution used in attaining the blood sample.

The judgment is affirmed.