STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MAXWELL TYLER CAUSEY, Defendant-Appellant.
No. 28145
Intermediate Court of Appeals of Hawaii.
August 19, 2008.
On the briefs:
Alen M.K. Kaneshiro, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J. WATANABE and FUJISE, JJ.
Defendant-Appellant Maxwell Tyler Causey appeals from the judgment entered on August 11, 2006 in the District Court of the First Circuit[1] convicting him of operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes § 291E-61(a)(1)(2005).
The charge stemmed from an incident on the evening of April 18, 2006, when a vehicle owned by Causey allegedly rolled backwards across several lanes of the Pali Highway and collided with a vehicle driven by Hoang Nguyen. At trial, Causey testified that he was a passenger in his vehicle at the time of the collision, and that the driver was an individual named Pino who fled the scene.
Causey raises the following point of error on appeal: "The trial court erred in convicting Maxwell Causey of Operating a Vehicle Under the Influence of an Intoxicant where there was insufficient evidence to support a finding that he operated or assumed actual control of the vehicle."
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Causey's point of error as follows:
Viewing the evidence in the strongest light for the State, State v. Matavale, 115 Hawai`i 149, 157-58, 166 P.3d 322, 330-31 (2007), substantial evidence existed that Causey operated the vehicle. Most notably:
(1) Nguyen observed that Causey's vehicle was stopped in the left lane on Pali Highway and rolled back into the right lane, striking Nguyen's vehicle;
(2) According to Nguyen, Causey was the only person in the vehicle that struck his vehicle, and Nguyen did not see anyone else exit the vehicle;
(3) Although Causey told police at the scene that someone else was driving, he refused to identify the person or indicate the person's whereabouts to police; and
(4) Causey also told police at the scene, "my car stalled and I ran out of gas and my car started rolling back, I couldn't stop the car . . . my brakes are bad"; and "I shouldn't have come back to the car, I just ran out of gas, I shouldn't have come back to [the] car, I couldn't control the car going backwards."
Although Causey denied driving the vehicle and no one observed Causey driving it, the trial judge is free to make all reasonable and rational inferences from the evidence. Matavale, 115 Hawai`i at 158, 166 P.3d at 331. From the foregoing evidence, the district court could reasonably infer that prior to the collision, the vehicle had been operational and traveling on Pali Highway, and, at that time, Causey was the driver of the vehicle and in actual physical control of it. See State v. Cannon, 56 Haw. 161, 164, 532 P.2d 391, 394-95 (1975) (motion for judgment of acquittal properly denied when police officer testified that he found defendant asleep behind the wheel of a truck that was resting on a fence along a public highway with the ignition turned on); Yarbrough v. State, 527 S.E.2d 628, 632 (Ga. Ct. App. 2000) (there was sufficient evidence to establish defendant was the driver when there was evidence that his injuries were consistent with being the driver, and defendant "gave inconsistent statements regarding where he had been positioned in the truck; the only information he could provide about the person he claimed to be the driver was that his name was Alan; no one else was found at or near the accident scene; and Yarbrough had the keys to the truck"); Melendy v. State, 415 S.E.2d 62, 63 (Ga. Ct. App. 1992) ("Although no one testified they saw the defendant move the car, evidence established it was the defendant's car; he was the only person at the scene, and he was observed pouring gas into the tank and attempting to crank the car as it sat stalled in a lane of traffic.").
In essence, Causey argues that the district court should have believed his assertion that he was not the driver of the vehicle, and accepted his explanations for the statements that he made to police after the collision. However, the district court, which had the opportunity to hear the testimony and assess the credibility of the witnesses, chose to reject Causey's version of events. We will not second guess that decision when, as here, there is substantial evidence in the record to support it. State v. Aki, 102 Hawai`i 457, 464, 77 P.3d 948, 955 (App. 2003) ("credibility and weight of the evidence are matters that begin and end with the [fact-finder], and concern us not on appeal") (citation omitted); see Stewart v. State, 504 S.E.2d 770, 772 (Ga. Ct. App. 1998) ("As the sole judge of credibility, the jury was authorized to disbelieve Stewart's testimony that when the wreck occurred, the driver, a man known only by the name of "Buzz," ran away before anyone saw him, leaving Stewart and his passenger, a life-long friend, injured and alone in Stewart's mother's Camaro."); cf. State v. Eastman, 81 Hawaii 131, 139, 913 P.2d 57, 65 (1996) ("It was within the trial court's prerogative to believe [the complaining witness's] prior inconsistent statements in the [Victim's Voluntary Statement Form] and to disbelieve [the complaining witness's] oral testimony in court.").
Therefore, we affirm the August 11, 2006 judgment of the District Court of the First Circuit.
NOTES
[1] The Honorable James Dannenberg presided.