NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 27900

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NOBORU TAKAYAMA, Plaintiff/Counterclaim-
Defendant/Appellant/Cross-Appellee, v. WARREN ZERA,
Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC05-1-03361)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff/Counterclaim-Defendant/Appellant/Cross-
Appellee Noboru Takayama (Takayama) appeals from the March 24,
2006 final judgment of the District Court of the First Circuit,
Honolulu Division (district court)[1] in favor of
Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant Warren
Zera (Zera). Zera cross-appeals from the same judgment.

After a careful review of the issues raised, arguments
advanced, applicable law, and the record in the instant case, we
resolve the parties' appeals as follows:

A. Takayama's Points of Error

Takayama argues that the district court erred in (1)
denying Takayama's motion to continue trial; (2) failing to amend
the complaint to conform to the evidence presented at trial;
(3) allowing Zera to testify as to the value of his sound and
lighting equipment; (4) allowing Zera to testify as to the value
of his diamond and opal rings; (5) informing Zera he should not
withdraw his claims for intentional and negligent infliction of
emotional distress and awarding damages for negligent infliction
of emotional distress after Zera had already gone on the record
as withdrawing those claims; (6) awarding reasonable attorney's

---

[1] The Honorable Peter T. Stone presided.

fees over the twenty-five percent maximum allowed under Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2009), and failing to designate the statutory grounds for which attorney's fees were awarded and the specific amounts awarded with respect to each ground; and (7) failing to stay the execution of judgment pending appeal.

     1.   Motion for Continuance

     The district court did not abuse its discretion when it denied Takayama's second motion for continuance. "Ordinarily, the granting or denial of a continuance is a matter that is addressed to the sound discretion of the trial court and is not subject to reversal on appeal absent a showing of abuse." Ling v. Yokoyama, 91 Hawai'i 131, 132, 980 P.2d 1005, 1006 (App. 1999) (internal quotation marks and citations omitted). In denying Takayama's second motion to continue, the district court appropriately concluded that, "[s]ufficient time has passed for both counsel to be ready for trial," especially considering that the case "was set for trial quite sometime ago," and the opposing party was ready to proceed. See Stender v. Vincent, 92 Hawai'i 355, 370, 992 P.2d 50, 65 (2000); Bank of Hawaii v. Shaw, 83 Hawai'i 50, 58, 924 P.2d 544, 552 (App. 1996).

     2.   Amendments to Conform to Evidence

     Contrary to Takayama's claims, the district court amended the complaint to conform to the evidence, and ruled with respect to the issue of non-payment of rent when it specifically stated during trial that "the Court is amending all pleadings to conform to the evidence admitted in trial" and found and ruled in its March 24, 2006 "Amended Order Granting [Zera's] Request for Costs, Attorney's Fees and Entry of Judgment" that "[o]n February 9, 2006 the Court dismissed [Takayama's] Complaint/Amended Complaint, finding no legal basis for claim of abandonment and that *no rent was due*, and pursuant to [HRS] § 607-14(c) awarded [Zera] his legal costs and a reasonable amount for his attorney's fees." (Emphasis added.)

3.    Opinion Testimony

The district court did not abuse its discretion when it allowed Zera's testimony as to the value of his equipment and his jewelry, which was allegedly lost or taken from his apartment. "In Hawaii, admission of opinion evidence is a matter within the discretion of the trial court, and only an abuse of that discretion can result in reversal[,]" State v. Tucker, 10 Haw. App. 73, 89, 861 P.2d 37, 46 (1993), and Hawaii Rules of Evidence (HRE) Rule 701 "sets forth a liberal standard for admitting lay opinions into evidence." State v. Jenkins, 93 Hawai'i 87, 105, 997 P.2d 13, 31 (2000).

Though Takayama claims that Zera lacked the requisite personal knowledge to render a valuation opinion, we disagree.[2] As to the value of Zera's sound and lighting equipment, Zera testified that he was a professional lighting and special effects designer/operator and that he owned considerable sound and lighting equipment ("tools of my trade").

As to the value of Zera's jewelry, namely a diamond ring and an opal stone pried from a ring, Zera testified that he worked with a diamond investment company in the past, where he received diamond valuation training, and that he consulted with a professional jeweler, who tested him with some stones, to "check" himself. As such, it appears that Zera's valuation testimony was rationally based upon his perceptions, given his knowledge of sound and lighting equipment as well as his knowledge of gemstones.

4.    Negligent Infliction of Emotional Distress Claim

The district court did not commit plain error when it (a) informed Zera he should not withdraw his claims for intentional and negligent infliction of emotional distress, after Zera had withdrawn those claims on the record, and (b) awarded

---

[2]  In addition to arguing that it was error to permit Zera to render a lay valuation opinion, Takayama also argues that it was error to permit Zera to render an expert valuation opinion; however, inasmuch as Zera was never offered/qualified as an expert witness, this argument is without basis in the record.

damages for negligent infliction of emotional distress. "An appellate court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." In re TC, 121 Hawai'i 92, 98, 214 P.3d 1082, 1088 (App. 2009) (internal quotation marks and citations omitted). However,

> [t]his court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system--that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes.

State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993).

Despite Takayama's contention that the district court acted inappropriately, it appears that the district court sought to clarify a possible misunderstanding of its preliminary ruling. While Takayama claims that, "[o]nce a party decides to withdraw a claim, the court may not inquire into the reasons for that decision," Takayama cites no authority for such proposition.

As for Takayama's claim that the district court erred when it awarded damages for negligent infliction of emotional distress, Takayama does not present a discernable argument regarding this point in his opening brief,[3] therefore, pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7), this point is deemed waived. Takayama did provide some argument in his reply brief, however, it would be unfair to address it. See Tauese v. State, Dep't of Labor & Indus. Relations, 113 Hawai'i 1, 29, 147 P.3d 785, 813 (2006); HRAP Rule 28(d) (court delclined to address argument in reply brief on issue waived in opening brief).

5.    Attorney's Fees

The district court did not abuse its discretion when it awarded reasonable attorney's fees over the twenty-five percent

---

[3]  Takayama merely posits that the district court "made an unsupported ruling in favor of [Zera]."

maximum allowed under HRS § 607-14, and contrary to Takayama's claims, the district court did specify the statutory grounds for which attorney's fees were awarded and the specific amounts awarded with respect to each ground. "The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp., State of Hawaii, 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009) (internal quotation marks, citations, and brackets omitted).

In granting count I of Zera's counterclaim, the district court properly awarded Zera reasonable attorney's fees pursuant to HRS § 521-63(c) (1993).[4] In count I of Zera's counterclaim, Zera alleged unlawful recovery of possession in violation of the Residential Landlord-Tenant Code, HRS § 521, as well as unfair and deceptive practices in violation of the Unfair and Deceptive Trade Practices Act, HRS § 480-2. The district court found that Takayama unlawfully recovered possession of the premises in violation of HRS § 521-63(c), which allowed Zera to recover "the cost of suit, including reasonable attorney's fees" without limitation.

The district court's March 24, 2006 "Amended Order Granting [Zera's] Request for Costs, Attorney's Fees and Entry of Judgment" methodically states the statutory authority and amount of the attorney's fee award in each count of Zera's counterclaim. Takayama asserts, in his reply brief, that he was never served with a copy of the order, which appears to be true based on a review of the record; however, Takayama has not shown prejudice from such omission.

---

[4]  HRS § 521-63(c) states in relevant part:

> If the landlord removes or excludes the tenant from the premises overnight without cause or without court order so authorizing, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount equal to two months rent or free occupancy for two months, and the cost of suit, including reasonable attorney's fees.

6.    Stay of Execution of Judgment Pending Appeal

The district court did not abuse its discretion when it denied Takayama's motion for a stay pending appeal.  "[T]he rule and the inherent discretion and power of the trial court allow for flexibility in the determination of the nature and extent of the security required to stay the execution of the judgment pending appeal."  Shanghai Inv. Co., Inc. v. Alteka Co., Ltd., 2 Hawai'i 482, 503, 993 P.2d 516, 537 (2000) (internal quotation marks and citation omitted), overrulled on other grounds by Blair v. Ing, 96 Hawai'i 327, 31 P.3d 184 (2001).  Although Zera had already taken steps to garnish an amount equal to 120% of the judgment against Takayama, the district court found this insufficient as security and required a supersedeas bond or cash equivalent to 150% of the judgment.  Takayama provided neither.  Under the circumstances of this case, we conclude the district court did not abuse its discretion in requiring such security.

Furthermore, it appears that Zera filed a satisfaction of judgment on July 26, 2006, making the stay issue moot.  City Bank v. Saje Ventures II, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988) ("[A] case is moot if the reviewing court can no longer grant effective relief.") (internal quotation marks and citation omitted).

B.    Zera's Points of Error

Zera argues that the district court erred in (1) denying Zera's motion for summary judgment as to counterclaim counts I and II; (2) denying Zera's claims of unfair and deceptive practices; (3) denying Zera's claim for punitive damages; (4) denying Zera's claim that Takayama's complaint and first amended complaint were frivolous; and (5) limiting Zera's award of attorney's fees pursuant to HRS § 607-14.

1.    Motion for Summary Judgment

The district court's denial of summary judgment as to counts I and II of Zera's counterclaim was harmless error.  The trial court's grant or denial of summary judgment is reviewed by

6

the appellate courts de novo.  <u>Querubin v. Thronas</u>, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

"Summary judgment is proper where the moving party demonstrates that there are no genuine issues of material fact and it is entitled to a judgment as a matter of law."  <u>Iddings v. Mee-Lee</u>, 82 Hawai'i 1, 5, 919 P.2d 263, 267 (1996).  Once the moving party satisfies the burden of showing that there is no genuine issue of material fact, the opposing party must provide the court with specific facts showing that there is a genuine issue of material fact for the court to adjudicate or summary judgment will be granted.  <u>French v. Hawaii Pizza Hut, Inc.</u>, 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (quoting <u>GECC Fin. Corp. v. Jaffarian</u>, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995)).  "[S]ummary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances."  <u>Balthazar v. Verizon Hawaii, Inc.</u>, 109 Hawai'i 69, 72, 123 P.3d 194, 197 (2005) (internal quotation marks and citations omitted).

With regards to Zera's "illegal lockout" claim under HRS § 521-63(c), Zera was required to show that there was no genuine issue of material fact that "the landlord remove[d] or exclude[d] the tenant from the premises overnight without cause or without court order."  In Zera's motion for summary judgment, which was supported by admissible evidence and was unopposed by Takayama, Zera alleged that on May 27, 2005, Takayama mailed Zera a notice to vacate the apartment within thirty days (although a 45 day notice was required, <u>see</u> HRS § 521-71(a) (Supp. 2005)) and on June 26, 2005, Takayama changed the locks to the apartment without court order, causing Zera to be locked out overnight.  As such, summary judgment as to this claim was seemingly warranted.  However, it was harmless error because Zera prevailed on this claim at trial and did not allege any harm from the denial.

As for Zera's "bad faith claim of abandonment" claim under HRS §§ 521-10 and 521-44(d) and "failure to secure [Zera's]

possessions" claim under HRS § 521-73(b)(3), summary judgment would not have been appropriate.

> [Q]uestions of reasonableness of conduct and good faith are ordinarily for the judgment of the triers of the facts. [Broad & Branford Place Corp. v. J.J. Hockenjos Co., 132 N.J.L. 229, 232, 39 A.2d 80, 82 (1944)] Inasmuch as the term reasonableness is subject to differing interpretations (i.e., is relative and not readily definable), it is inherently ambiguous. Where ambiguity exists, summary judgment is usually inappropriate because the determination of someone's state of mind usually entails the drawing of factual inferences as to which reasonable men might differ. . . . However, reasonableness can constitute a question of law for the court when the facts are undisputed and not fairly susceptible of divergent inferences because, where, upon all the evidence, but one inference may reasonably be drawn, there is no issue for the jury.

Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 107-08, 839 P.2d 10, 23-24 (1992) (internal quotation marks, original brackets, and some citations omitted). Both of these claims involve a determination of Takayama's reasonableness, and more than one inference may reasonably be drawn from the evidence presented by Zera in support of these claims.

Finally, as for Zera's "unfair deceptive acts" claim (HRS § 480-2), denying summary judgment was proper for the reasons discussed below.

2. HRS § 480-2 Claims

The district court did not err when it denied Zera's claims pursuant to HRS § 480-2 (2008). The interpretation of a statute is a question of law which the appellate court reviews de novo. Sierra Club, 120 Hawai'i at 197, 202 P.3d at 1242. "[A] trial court's FOFs are subject to the clearly erroneous standard of review." Chun v. Bd. of Trs. of the Employees Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citation omitted).

Although not raised before the district court, Zera lacks the requisite standing to bring his HRS § 480-2 claims. A defect in standing precludes this court from reaching Zera's merit-based challenges "because standing is concerned with whether the parties have the right to bring suit." IndyMac Bank

8

v. Miguel, 117 Hawai'i 506, 512, 184 P.3d 821, 827 (App. 2008) (internal quotation marks, brackets, and citation omitted).

HRS § 480-2(d) states that "[n]o person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section." HRS § 480-1 (2008) defines a "consumer" as "a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment."

Zera's lease was neither a purchase of goods or services nor a personal investment. Cieri v. Leticia Query Realty, Inc., 80 Hawai'i 54, 66, 905 P.2d 29, 41 (1995) "real estate or residences do not qualify as 'goods' under HRS § 480-1"); Black's Law Dictionary 1491 (9th ed. 2009) (defining "personal service" as "an economic service involving either the intellectual or manual personal effort of an individual, as opposed to a salable product of the person's skill."); Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc., 107 Hawai'i 423, 436, 114 P.3d 929, 942 (App. 2005) ("the concept of 'investment' includes an expectation of 'profitable returns'"). Therefore, Zera does not have standing as a "consumer" under HRS chapter 480, and could not bring his HRS § 480-2 claims.

3.    Punitive Damages

The district court did not abuse its discretion when it denied Zera's claim for punitive damages. "An award or denial of punitive damages is within the sound discretion of the trier of fact. Absent a clear abuse of discretion, we will not reverse a trier of fact's decision to grant or deny punitive damages." Udac v. Takata Corp., 121 Hawai'i 143, 149, 214 P.3d 1133, 1139 (App. 2009) (internal quotation marks, brackets, and citations omitted).

> In determining whether an award of punitive damages is appropriate, the inquiry focuses primarily upon the defendant's mental state, and to a lesser degree, the nature

> of his or her conduct.  To justify an award of punitive
> damages, a positive element of conscious wrongdoing is
> always required.  Thus, punitive damages are not awarded for
> mere inadvertence, mistake, or errors of judgment.

Id., 121 Hawaiʻi at 165, 214 P.3d at 1155 (internal quotation marks, brackets, ellipsis, and citations omitted).  In order to establish a claim for punitive damages,

> [t]he plaintiff must prove by clear and convincing evidence
> that the defendant has acted wantonly or oppressively or
> with such malice as implies a spirit of mischief or criminal
> indifference to civil obligations, or where there has been
> some wilful misconduct or that entire want of care which
> would raise the presumption of a conscious indifference to
> consequences.

Id. at 166, 214 P.3d at 1156 (citation omitted).  Clear and convincing evidence generally requires evidence that "will produce in the mind of a reasonable person a firm belief as to the facts sought to be established."  Almeida v. Almeida, 4 Haw. App. 513, 518, 669 P.2d 174, 179 (1983) (internal quotation marks and citation omitted).

Here, the district court thoroughly examined the issue of punitive damages during trial, and essentially characterized Takayama's actions as a mistake, i.e., a misapplication and/or misunderstanding of the law, rather than intentional misconduct, apparently based on the lack of evidence of Takayama's knowledge of wrongdoing as well as Takayama's admissions that he committed errors of judgment.  Accepting the district court's credibility assessment, State v. Mitchell, 94 Hawaiʻi 388, 401, 15 P.3d 314, 327 (App. 2000), and reviewing the evidence presented pertaining to the issue of punitive damages, we cannot say that the district court exceeded its discretion in concluding that the evidence did not warrant an award of punitive damages.

4.    Frivolous Complaint/Amended Complaint

The district court did not err when it denied Zera's claim that Takayama's complaint and amended complaint were frivolous, namely awarding fees "based on 607-14, not 14.5."  The district court's conclusion that Takayama's complaint and first amended complaint were not frivolous presents mixed questions of fact and law.  "Where the court's conclusions are dependent upon

10

the facts and circumstances of each individual case, the clearly erroneous standard of review applies." Coll v. McCarthy, 72 Haw. 20, 28, 804 P.2d 881, 886 (1991).

"A frivolous claim is one manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." Lee v. Hawaii Pacific Health, 121 Hawai'i 235, 246, 216 P.3d 1258, 1269 (App. 2009) (internal quotation marks and citation omitted).

Here, it appears the district court did not find Takayama's complaint and amended complaint frivolous, inasmuch as the district court did not find Takayama acted in bad faith in filing his complaint/amended complaint. Rather, as noted above, the lack of evidence of Takayama's knowledge of wrongdoing as well as Takayama's error of judgment admissions seemed to have persuaded the district court to characterize Takayama's actions, including filing his complaint/amended complaint, as a mistake. While the only evidence submitted to support the district court's conclusion is Takayama's testimony, "the testimony of a single witness, if found by the trier of fact to have been credible, will suffice," Inoue v. Inoue, 118 Hawai'i 86, 101, 185 P.3d 834, 849 (App. 2008) (citation omitted), and the trier of fact is free to reject or accept any witness's testimony in whole or in part. State v. Cannon, 56 Haw. 161, 166, 532 P.2d 391, 396 (1975).

### 5. Attorney's Fees

The district court did not abuse its discretion when it awarded reasonable attorney's fees subject to the twenty-five percent maximum allowed under HRS § 607-14. Sierra Club, 120 Hawai'i at 197, 220 P.3d at 1242.

"Generally, under the American Rule, each party is responsible for paying his or her own litigation expenses. An exception exists to the American Rule in which attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement." Ranger Ins. Co. v. Hinshaw, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003) (internal quotation marks and citation omitted).

11

Here, in dismissing Takayama's complaint/amended complaint and granting count II of Zera's counterclaim, the district court properly awarded Zera reasonable attorney's fees pursuant to HRS § 607-14. Even if we were to assume Takayama's complaint/amended complaint and count II of Zera's counterclaim fell within provision H-2 of the rental agreement, HRS § 607-14 states, "[w]here the note or other contract in writing . . . provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed." As for Zera's claim that the district court erred in calculating Zera's award of attorney's fees as the prevailing party on Takayama's complaint/amended complaint, Zera fails to note the portion of HRS § 607-14 that states, "[t]he above fees provided for by this section shall be assessed . . . upon the amount sued for if the defendant obtains judgment[,]" which, apparently, is precisely how Zera's award was calculated (sued for $2500, awarded $625 in fees).

C.    Conclusion

Accordingly, the March 24, 2006 final judgment of District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, March 18, 2010.

On the briefs:

Michael Jay Green and
Glenn H. Uesugi,
for Plaintiff/Counterclaim-
Defendant/Appellant/Cross-
Appellee.


Gary L. Hartman
for Defendant/Counterclaim-
Plaintiff/Appellee/Cross-
Appellant.

Chief Judge

Associate Judge

Associate Judge

12