762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WILLIE PRESTON ROBINSON, DEFENDANT-APPELLANT.
 NO. 84-5517
 United States Court of Appeals, Sixth Circuit.
 3/21/85
 
 M.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Willie Preston Robinson, appeals from his jury conviction of possession of a firearm by one previously convicted of a felony. 18 App. U.S.C. Sec. 1202(a)(1) (1984). Robinson challenges the jury instructions and the sufficiency of the evidence which supports the verdict. We find his contentions to be without merit and, therefore, affirm the judgment.
 
 
 2
 On December 31, 1982, Officer Carey Bissinger, of the Nashville Metropolitan Police, stopped Robinson for running a red light. Robinson, who was traveling alone, left his car and approached Bissinger's patrol car. Bissinger testified that Robinson appeared to be intoxicated and could not produce a drivers license. Bissinger testified that he arrested Robinson and then executed a frisk search which located approximately nine rounds of .38 caliber ammunition on Robinson's person. Bissinger failed to mention the recovery of ammunition in the report he completed at the time of arrest. The police property room receipt lists eight rounds of ammunition as having been turned in.
 
 
 3
 Bissinger placed Robinson in the patrol car and searched Robinson's car. He discovered a loaded .38 caliber revolver on the console between the car's front seats, partially covered by a handkerchief or paperwork. Police found no identifiable fingerprints on the weapon, which was transported in a plastic bag. Special agent Doug Woodlee, of the Tennessee Bureau of Criminal Identification, testified that transporting a weapon in a plastic bag is not recommended when it is important to preserve fingerprints.
 
 
 4
 The defense called one witness, Donnie Miles, who is Robinson's son. Miles testified that while driving his father's car on the afternoon of December 30, 1982, the day before Robinson's arrest, he purchased the revolver for protection. Late that night, according to his testimony, Miles left the car in his father's front yard and left the gun in the car, after which he walked home, an hour-long trip across Nashville. Miles testified that he placed the revolver inside the car console and tried to close the lid, which the revolver prevented from latching. Miles testified that he learned of Robinson's arrest the next day but that he never spoke to his father about the revolver. Miles feared that the gun was 'hot' and, therefore, never attempted to claim it from the police; he first revealed his ownership of the weapon on the day of trial.
 
 
 5
 Robinson challenges two jury instructions. First, he challenges the instruction that the law presumes that an 'official duty has been regularly performed.' Robinson raised an objection to this instruction before the jury was excused, as required by Fed. R. Crim. Pro. 30. On appeal, he reiterates that this instruction was prejudicial because it shifted to him the burden of proving two of his arguments. Robinson claimed that Officer Bissinger's handling of the revolver improperly failed to preserve exculpatory fingerprints. He also maintained that Bissinger's failure to note in the contemporaneous police report that he had found ammunition on Robinson demonstrated that no ammunition was discovered.
 
 
 6
 Robinson's first contention is entirely without merit. The government introduced two witnesses who testified about records procedures at the Department of Corrections and the Tennessee Bureau of Identification. The testimony of these witnesses was necessary to establish the authenticity of the records which were offered to prove Robinson's prior convictions. The instruction was entirely appropriate in relation to this testimony. The instruction was no more prejudicial in relation to Officer Bissinger's testimony. The district court also instructed the jury that a presumption may be 'overcome or outweighed by evidence to the contrary.' The court instructed that the jury members were the sole judges of the credibility of witnesses and of the weight to be given to the testimony of each witness. Additionally, Robinson's counsel used Officer Bissinger's report to impeach his testimony concerning the ammunition. In this context, application of the presumption of regularity to the report would support a conclusion that no ammunition was found at the time of Robinson's arrest. Finally, even if the instruction had denied Robinson the opportunity to prove that exculpatory fingerprints were lost through Bissinger's handling of the gun, no prejudice would result; "[c]onstructive possession may be inferred from the ownership, or the exercise of dominion or control of the vehicle in which the contraband is concealed." United States v. Orozco, 715 F.2d 158, 161 (5th Cir. 1983) (citing United States v. Freeze, 707 F.2d 132, 135 (5th Cir. 1983)). Robinson exercised exclusive control of the automobile at the time the revolver was seized.
 
 
 7
 Secondly, the district court instructed the jury concerning Robinson's intent:
 
 
 8
 . . . you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made by Mr. Robinson and all other facts and circumstances in evidence which indicate his state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly not done, but as you were told previously, it's entirely up to you to decide what facts to find from the evidence.
 
 
 9
 Robinson requested in writing that such an instruction not be given and the district court denied his request. He now relies upon Sandstrom v. Montana, 442 U.S. 510 (1979), which this Court followed in Engle v. Koehler, 707 F.2d 241 (6th Cir. 1983), aff'd, 104 S. Ct. 1673 (1984). The essence of the Sandstrom rule is that 'the charge shall not instruct the jury conclusively or rebuttably to presume the presence of an element of a crime; to do so relieves the state's burden to prove guilt beyond a reasonable doubt.' Id. at 244.
 
 
 10
 Once again, Robinson's challenge is meritless. In United States v. Thomas, 728 F.2d 313 (6th Cir. 1984), this court distinguished a permissible instruction which 'allows an inference of intent' from a prejudicial instruction which imposes a presumption of intent. Id. at 320-21. The Court approved an instruction that virtually matches the instruction under scrutiny. Id. at 320, n.3. Additionally, Sandstrom and Engle do not govern the challenged instruction because intent is not an element of the crime for which Robinson was convicted. The government was required to prove (1) that the defendant previously had been convicted of a felony, (2) that he possessed a firearm, and (3) that the firearm had at some time been transported in interstate commerce. See, 18 App. U.S.C. Sec. 1202(a)(1). Finding intent is not a prerequisite to finding that Robinson possessed the weapon. See United States v. Orozco, 715 F.2d at 161. The district court's instruction regarding intent was irrelevent but not prejudicial. Viewing the jury instructions as a whole, Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1181 (6th Cir. 1983), they were not prejudicial.
 
 
 11
 Robinson also contends that the evidence in this case is insufficient to support a jury verdict of guilty. Robinson seeks to have this Court weigh the credibility of Miles, who testified that the gun was his, and the evidence from which a jury could infer that Robinson did not know the gun was in his car. As set out in the discussion above, more than enough evidence was presented to the jury which a reasonable mind might accept as adequate to support the conclusion that Robinson was guilty. United States v. Kubeck, 487 F.2d 1256, 1259 (6th Cir. 1973).
 
 
 12
 For the foregoing reasons, we AFFIRM the judgment below.