812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee (86-5282),
Plaintiff-Appellant (86-5625),
v.
Robert L. "Bob" WATTS, Defendant-Appellant (86-5282),
Defendant-Appellee (86-5625).
 Nos. 86-5282, 86-5625.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before JONES, Circuit Judge and CELEBREZZE and PECK, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Robert L. "Bob" Watts appeals from the district court's judgment of conviction against him for conspiring to fraudulently conceal material facts and make false statements in a matter within the jurisdiction of the Department of Housing and Urban Development ("HUD"), in violation of 18 U.S.C. Sec. 371 (1982), and for knowingly making and causing to be made fraudulent statements in a matter within the jurisdiction of HUD, in contravention of 18 U.S.C. Secs. 2, 1001 (1982). The government appeals the district court's order releasing Watts on bond pending appeal. Watts contends on appeal that insufficient evidence exists to support his convictions, and the government argues that the district court's release of Watts did not conform to the requirements set forth in 18 U.S.C. Sec. 3143 (Supp.1984). We hold that sufficient evidence supports Watts' convictions and that our disposition of this matter moots the government's appeal. Accordingly, we affirm the judgment against Watts and dismiss the government's appeal.
 
 
 2
 On August 19, 1985, a grand jury returned a four count indictment which charged Watts, his wife Debra, and Wilber Walton with violating 18 U.S.C. Secs. 2, 371, 1001 (1982) in the course of "purchasing" a house and obtaining an FHA secured loan. Watts was charged in only the first two counts. Count one alleged a violation of section 371 which (in conjunction with section 1001) makes it a crime to conspire for the purpose of fraudulently concealing material facts or making false statements in a matter within the jurisdiction of HUD. See 18 U.S.C. Secs. 371, 1001 (1982). According to the indictment, Watts represented to one Bertha Maclin that he could prevent the foreclosure of her residence, fraudulently obtained title to Maclin's house in his wife's name without paying Maclin for the house, and paid his cohort Walton to act as a straw man "purchaser" of the property so that Walton could obtain an FHA secured loan, the proceeds of which went to Watts. The indictment further alleged that Watts covered up the conspiracy by transferring the title to the house back to Maclin, by preparing a false answer in response to a civil suit subsequently brought by Maclin against Walton, and by denying to a mortgagee trying to collect on delinquent payments that Walton had been paid to act as the "purchaser" of the property. Watts was charged in count two of the indictment with knowingly making and causing to be made fraudulent statements in a matter within the jurisdiction of HUD, in violation of sections 2 and 1001, by virtue of having prepared the real estate contract to reflect that Walton had paid $1500 earnest money for the purchase of the Maclin house when, in fact, no earnest money had been paid. See 18 U.S.C. Secs. 2, 1001 (1982).
 
 
 3
 A jury found Watts guilty of both counts. He was sentenced to one year imprisonment on each count, the sentences to run concurrently, and ordered to pay $5,000 restitution to Maclin. Watts' appeal ensued. The district court then granted Watts' motion for release from detention pending appeal. The United States appealed after its motion for reconsideration of this release was denied by the district court.
 
 
 4
 Watts' only contention on appeal is that insufficient evidence exists to support his convictions. As sole support for this allegation Watts argues that his convictions should be reversed because several witnesses presented inculpatory testimony at trial which differed from previous sworn statements made by each of them. According to Watts, Bertha Maclin and her son, Lawrence, each testified at Watts' trial that they had expected no money as a result of Watts' attempts to save their home from foreclosure, yet each had apparently alleged in a civil suit against Walton that they expected four to five thousand dollars from the transaction in which Watts took title to their property. Watts attributes "inconsistent" testimony to Walton by virtue of Walton's testimony at trial that he had not paid $1500 in earnest money to Debra Watts for the Maclin property, although Walton had previously signed the sales contract at the closing which indicated that he had made such a payment.
 
 
 5
 In reviewing a conviction for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Thus, the only question in Watts' appeal is whether any rational trier of fact, viewing "all the evidence in the light most favorable to the government, [and resolving] all inferences which may reasonably be drawn from the evidence in the government's favor," United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983) (per curiam), could have found beyond a reasonable doubt that Watts made or caused to be made fraudulent statements and conspired to conceal material facts and make false statements concerning a matter within the jurisdiction of HUD. A judgment will be reversed for insufficiency of evidence only if it is "not supported by substantial and competent evidence upon the record as a whole." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984).
 
 
 6
 Moreover, it is well settled that in reviewing a criminal conviction for sufficiency of the evidence an appellate court, as part of its duty to view the evidence in the light most favorable to the government, must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," Jackson, 443 U.S. at 319. See United States v. Stull, 743 F.2d 439, 442 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985). Accordingly, it is not within the province of the court reviewing a criminal conviction for sufficiency of the evidence to determine the credibility of the witnesses. United States v. Kubeck, 487 F.2d 1256, 1259 (6th Cir.1973) (quoting United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964)); United States v. Langley, 466 F.2d 27, 32 (6th Cir.1972); United States v. Scales, 464 F.2d 371, 373 (6th Cir.1972); United States v. Luxenberg, 374 F.2d 241, 248 (6th Cir.1967).
 
 
 7
 Judged by these principles, Watts presents no argument or evidence to this court adequate for us to even begin to question the sufficiency of the evidence supporting his convictions, since he is merely challenging the credibility of several witnesses at trial.[1] Absent some additional challenge to the sufficiency of the evidence, we hold that the evidence was sufficient to support Watts' convictions.[2]
 
 
 8
 The government contends on appeal that the district court's release of Watts did not conform to the requirements for release set forth in 18 U.S.C. Sec. 3143 (Supp.1984). Section 3143 requires that a convicted defendant be detained unless the court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the community, and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. 18 U.S.C. Sec. 3143(b) (Supp.1984). "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way....' " United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985) (quoting United States v. Powell, 761 F.2d 1227, 1233-34 (8th Cir.1985) (en banc), cert. denied, 106 S.Ct. 1947 (1986)). If this requirement of Section 3143(b) is satisfied, "the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Powell, 761 F.2d at 1234; see Pollard, 778 F.2d at 1182. According to the government, the district court erred in granting Watts' release after concluding only that reversal or a new trial would result if this court found insufficient evidence, but without considering the "closeness" of the sufficiency of the evidence question.
 
 
 9
 Regardless of the merits of the government's contention, we find that our disposition of Watts' appeal renders the government's appeal moot, thereby depriving us of jurisdiction to consider the propriety of Watts' release. Mootness is a jurisdictional question, since the federal courts are empowered by Article III of the Constitution only to hear cases or controversies.[3] North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam). To be a justiciable controversy, a suit "must be definite and concrete, touching the legal relations of parties having adverse legal interests[,] ... a real and substantial controversy admitting of specific relief through a decree of a conclusive character." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41 (1937) (citations omitted). The federal courts are only empowered to decide questions that can affect the rights of the litigants in the case before them. Rice, 404 U.S. at 246; cf. In Re DeLorean Motor Co., 755 F.2d 1223, 1226 (6th Cir.1985); Natural Resources Defense Council, Inc. v. U.S.E.P.A., 683 F.2d 752, 758-59 (3d Cir.1982). If events occur during the pendency of litigation which render a court unable to grant the relief which a party requests, that party
 
 
 10
 will no longer have an interest in the outcome which justifies a federal court's decision on the underlying factual and legal issues. Cf. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Indeed, if a case becomes moot, it does not satisfy the "case or controversy" requirement of Article III, U.S. Const. art. III, Sec. 2, and the federal courts are powerless to decide it. See SEC v. Medical Committee for Human Rights, 404 U.S. 403, 407 (1972); United States v. City of Detroit, 720 F.2d 443, 448 (6th Cir.1983).
 
 
 11
 Carras v. Williams, No. 85-1331, slip op. at 5-6 (6th Cir. Dec. 15, 1986).
 
 
 12
 In the instant case, the government's appeal was consolidated with Watts' appeal from his judgment of conviction. Since the mandate will resolve both appeals at the same time, a decision addressing the merits of the government's appeal will not effectuate Watts' incarceration at an earlier date or otherwise affect the rights of the parties before the court. Thus, having addressed the merits of Watts' convictions, the question of whether he should have been released pending this determination has become moot.[4] Cf. In re Long Visitor, 523 F.2d 443, 448 (8th Cir.1975) (release question mooted by considering the merits and affirming a finding of civil contempt); United States v. Baca, 444 F.2d 1292, 1296 (10th Cir.), cert. denied, 404 U.S. 979 (1971) (decision on merits rendered release question moot; release question addressed in dicta).
 
 
 13
 In light of the foregoing, the district court's judgment of conviction against Watts is AFFIRMED and the Government's appeal is DISMISSED.
 
 
 
 [1]
 There is no indication that Watts did not have full opportunity at trial to cross-examine each of these witnesses and challenge their credibility. In fact, the alleged inconsistencies in the testimony of Bertha and Lawrence Maclin were brought out at trial in Watts' apparent attempt to challenge their credibility. The so-called "inconsistent" testimony of Walton was elicited by the government to prove Watts' guilt, since the government alleged that Watts had prepared the fraudulent sales contract reciting a fictitious payment of earnest money and had induced Walton, as the "purchaser" of the property, to sign it
 
 
 [2]
 Our independent examination of the evidence only confirms this holding, since no evidence exculpating Watts can be found in the record on appeal. Bertha Maclin, a woman with a seventh grade education, testified that Watts paid her no money for her house when she signed a quit claim deed over to Watts' wife Debra, an act the significance of which she did not realize. Walton testified that Watts accompanied him to the mortgagee to obtain a loan on the house, paid Walton $100 to act as "purchaser," and prepared both the sales contract which fraudulently recited that $1500 in earnest money had been paid to Debra Watts and the false answer filed in Maclin's civil suit against Walton. The attorney at closing, Arne Thompson, testified that he would not have closed the deal if he had known that the earnest money had not been paid, because the loan would not have then satisfied the minimum down payment requirements for an FHA secured loan. Don Mullinax, an employee of the mortgagee, contacted Walton to collect mortgage payments in arrears and was told that Watts had paid Walton to act as purchaser and that Watts was going to transfer the property to another party, matters which Watts denied when he telephoned Mullinax and accused Walton of being drunk when he made the statements. Watts on appeal points to nothing contradicting any of this testimony
 
 
 [3]
 Because mootness implicates federal court jurisdiction under Article III, we are obliged to consider the question on our own motion. See In re F & T Contractors, Inc., 718 F.2d 171, 180 (6th Cir.1983); Jones v. Perrigan, 459 F.2d 81, 83 (6th Cir.1972)
 
 
 [4]
 The government's suggestion at oral argument that a finding of mootness would be tantamount to holding that government appeals of convicted defendants' releases pending appeal will never be addressed is not well taken in view of the government's ability to move this court for an advancement of hearing of such release issues, a procedure not utilized in the instant case. See 6th Cir.R. 7(b); see also Fed.R.App.P. 31(a)